Date signed March 07, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| REGINA LORRAINE SMITH, | : | Case No. 06-10277PM |
| | : | Chapter 7 |
| Debtor. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| JANET M. NESSE, TRUSTEE, | : | |
| Plaintiff, | : | |
| vs. | : | Adversary No. 07-0587PM |
| | : | |
| REGINA LORRAINE SMITH and | : | |
| DANIEL C. SANDERS, | : | |
| Defendants. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case comes before the court on the Debtor/Defendant's Motion for Summary Judgment and the Opposition thereto. After consideration of the pleadings, the arguments of the parties made at the hearing on February 28, 2008, and the record herein, the court finds that the Debtor/Defendant's Motion is well-founded and will be granted.

This bankruptcy case under Chapter 7 was filed by Regina Lorraine Smith on January 19, 2006. The Chapter 7 Trustee commenced this adversary proceeding on July 19, 2007, by the filing of a Complaint seeking avoidance of an alleged fraudulent conveyance of Debtor/Defendant's former residence to the Co-Defendant, Daniel C. Sanders, on March 23,

2004.[1] The Complaint further alleges that the Debtor/Defendant and Daniel C. Sanders[2] were granted a Judgment of Absolute Divorce on July 26, 2004. Daniel C. Sanders allegedly sold the property to David G. Sanders[3] and Julie M. Sanders on April 15, 2005, for $145,000.00. These two persons are alleged to be relatives of Daniel C. Sanders.[4] Then, it is charged that David G. Sanders and Julie M. Sanders sold the property to one Shana Joy Kovalsky for $275,000.00. The Complaint pleads on information and belief that the property was worth more than $135,000.00 at the time of the transfer to Daniel C. Sanders on March 23, 2004.

Count I of the Complaint seeks avoidance under MD. CODE ANN., COM. LAW § 15-204, 11 U.S.C. § 544(b) and MD. CODE ANN., COM. LAW § 15-209. Count II seeks avoidance of the transfer pursuant to MD. CODE ANN., FAM. LAW § 4-301(d)(2).[5] The Complaint seeks a judgment in the amount of one-half of the difference between the fair market value of the property and the lien(s) on the property at the time of the transfer.[6] In Count I, the

---

[1] The Debtor/Defendant disclosed the transfer as August 1, 2004, in her answer to question 10 of the Statement of Financial Affairs. The consideration for the transfer was said to be her release from liability from a mortgage of $135,000.00. The record of the Maryland Department of Assessments and Taxation, filed as an exhibit to the Motion for Summary Judgment, as well as the Complaint, show the date of the transfer by the Debtor/Defendant as March 23, 2004.

[2] Daniel C. Sanders did not file a response to the Complaint that was required by August 24, 2007. The court issued an admonition to him advising by Memorandum dated September 27, 2007, that a default would be entered as to him unless a response was filed by October 22, 2007. No answer was filed, and the Clerk entered a default as to him on October 30, 2007.

[3] The deed dated February 11, 1999, attached to the Debtor/Defendant's Answer to the Complaint, describes the property as acquired as tenants in common by Daniel C. Sanders and David G. Sanders by devise under the will of Ronald L. Sanders. By the deed the interests of both Daniel and David as tenants in common were conveyed to Daniel C. Sanders and Regina L. Sanders as tenants by the entirety. .

[4] This is logical in that David C. Sanders was the name of the person who conveyed a one-half interest in the property to the Defendants. *See* n.3.

[5] The court assumes that the references to Maryland law are to MD. CODE ANN.,COM. LAW § 15-204 and § 15-209 (2002) and MD.CODE ANN., FAM. LAW § 4-301(d)(2) (2006).

[6] While the Complaint does not so specify, the Trustee/Plaintiff urged in oral argument that she was not seeking relief against the Debtor/Defendant but only against the Co-Defendant.

Trustee/Plaintiff alleges that the Debtor/Defendant was insolvent on the date of the transfer or was made insolvent as a result of the transfer. She charges in Count II that there were current creditors of the Debtor/Defendant existing at the time of the transfer.[7]

Count I fails for a number of reasons. First, the value of the property acquired by inheritance by Daniel C. Sanders is not marital property that could serve as a basis for a monetary award to the Debtor/Defendant. MD. CODE ANN., FAM. LAW § 8-201(e)(3)(ii). Next, nothing before the court intimates the possibility that the Debtor/Defendant was insolvent at the time of the transfer. Any creditor in existence at the time of the transfer and at the date of filing of the case who was a creditor of the Debtor/Defendant alone could not have obtained any relief against property held as tenants by the entirety. The fact that the parties were contemplating divorce at the time adds nothing to the Trustee/Plaintiff's case.

Count II fails upon consideration of the Code section upon which it relies. MD. CODE ANN., FAM. LAW § 4-301(d)(2) provides:

> Wife's property not liable for husband's debts
>
> (i) A transfer of property between spouses is invalid if made in prejudice of the rights of present creditors.
>
> (ii) A claim under this paragraph shall be asserted within 3 years after the transfer or be barred absolutely.
>
> (iii) For purposes of this paragraph, all claims are considered due and matured.

As the Debtor/Defendant points out, it would be impossible to have a creditor in the instant case whose rights were prejudiced by the transfer of property held as tenants by the entirety. Joint creditors would retain their claims against both the Debtor/Defendant and her former husband and could seek compensation through liquidation of the property if held in the husband's name alone. Creditors holding a claim against the Debtor/Defendant alone would never be able to levy

---

[7] The court assumes that the Trustee means that there were creditors at the time of the filing of this bankruptcy case who were also creditors of the Debtor/Defendant at the time of the transfer.

against the tenants by the entirety property. *Spitz v. Williams*, 519 A.2d 775, 776 (Md. App. 1987); *Watterson v. Edgerly*, 388 A.2d 934, 936-37 (Md. App. 1978).

      An appropriate order will be entered.

cc:    Janet M. Nesse/Jamie Dibble
       Stinson Morrison Hecker LLP
       1150 18th Street, N.W., Suite 800
       Washington, DC 20036

       William F. Abell, Jr.
       357 West Patrick Street
       Frederick, MD 21701

       Regina Lorraine Smith
       525 N. Mulberry St.
       Hagerstown, MD 21740

       Daniel C. Sanders
       521 Lynnehaven Drive
       Apartment 18
       Hagerstown, MD 21742

**End of Memorandum of Decision**